Dariush G. Adli, SBN # 204959
adli@adlilaw.com
Drew H. Sherman, SBN #237045
drew.sherman@adlilaw.com
Scott McPherson, SBN #225149
scott.mcpherson@adlilaw.com
ADLI LAW GROUP P.C.
444 South Flower Street, Suite 3100
Los Angeles, California 90071
Telephone: 213-623-6546
Facsimile: 213-623-6554

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOP LIGHTING CORPORATION, a California Corporation;<br><br>Plaintiff,<br><br>v.<br><br>LINCO INC., a California Corporation;<br><br>Defendant. | Case No.<br><br>**PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF 28 U.S.C. §§ 2201**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Top Lighting Corporation ("Top Lighting") alleges as follows for its complaint against Linco, Inc. ("Linco"):

## THE PARTIES

1.   Plaintiff Top Lighting is a corporation existing under the laws of California with its principal place of business at 9955 6th St, Unit A, Rancho Cucamonga, CA 91730.

- 1 -
**PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF**

2. Upon information and belief, Linco is a corporation organized under the laws of California and having its principal place of business at 12704 Marquardt Ave, Santa Fe Springs, CA 90670.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, Title 35 of the United States Code, § 1 *et seq.*, with a specific remedy sought under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. An actual, substantial, and continuing justiciable controversy exists between Top Lighting and Linco that requires a declaration of rights by this Court.

4. This Court has subject matter jurisdiction over the patent infringement claim pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Linco by virtue of Linco's purposeful contact with this district, including, on information and belief, Linco's substantial business conducted with customers residing in this district; and Linco's attempts to enforce a design patent purportedly assigned to it against Top Lighting, an entity having a principal place of business in California, for alleged infringing activity occurring in California.

6. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

///

**PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF**

## FACTUAL BACKGROUND

7. Defendant Linco claims to be the owner of U.S. Design Patent No. D712,590 ("the '590 Patent"), a copy of which is attached herewith as **Exhibit A.**

8. The '590 Patent identifies Chien-Ting Lin as the sole inventor.

9. On or about June 9, 2015, Linco, through its counsel, contacted Top Lighting by letter, informing Top Lighting that Linco is the owner of the '590 Patent and alleging that Top Lighting is "manufacturing, importing, distributing and/or selling a product that incorporates a part which is depicted in the '590 Patent" and that Linco considers Top Lighting's conduct "an infringement of its rights conferred by the U.S. Patent Law and other federal and state laws."  A copy of the June 9 letter is attached herewith as **Exhibit B.**

10. In its June 9 letter, Linco also identified the allegedly infringing Top Lighting products that were sold on eBay as including, among other things, "JGG2426 Kit" and "eBay item numbers: 361307082352, 151700687549, 391150495890 and 311373573097" (collectively, the "Accused Products").

11. Linco further noted in its June 9 letter that Top Lighting is "using the pictures showing the infringing products as advertising material to sell [its] products" and demanded, among other things, that Top Lighting "[i]mmediately stop the import, sale, advertising, and offer for sale of the infringing products."

12. On or about June 29, 2015, Top Lighting responded to Linco's June 9,

**PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF**

2015 letter, stating that the Accused Products are different from Linco's design patent.

13.  On or about July 4, 2015, without hearing from Linco, Top Lighting, through legal counsel Adli Law Group P.C., again responded to Linco's June 9, 2015 letter, describing in detail why Linco's allegations of patent infringement are without merit and stating, among other things, that it does not believe the Accused Products infringe the '590 Patent.  A copy of the July 4 response is attached herewith as **Exhibit C.**

14.  As of today, Linco has removed at least forty-five (45) listings of Top Lighting's products from eBay by claiming to eBay that these products infringe Linco's intellectual property rights, causing Top Lighting a substantial loss of business opportunities.  A partial list of listings removed by Linco is attached herewith as **Exhibit D**.

15.  As a result of Linco's assertions that Top Lighting is infringing the '590 Patent, and Top Lighting's denial of the same, an actual and justiciable controversy exists between the parties of sufficient immediacy and reality to warrant issuance of a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 as to the alleged infringement of the designs claimed in the '590 Patent.

///

///

///

- 4 -
**PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF**

## FIRST CLAIM FOR RELIEF
**(Declaratory Judgment of Non-Infringement of the '590 Patent)**

16. Top Lighting restates and incorporates by reference the allegations in paragraphs 1 through 15 above.

17. An actual controversy has arisen and now exists between the parties with respect to the alleged infringement of the '590 Patent. Top Lighting contends that Top Lighting's products, including the JGG2426 Kit and other products on eBay, have not infringed and do not infringe any valid claim of the '590 Patent. Upon information and belief, Linco disputes these contentions.

18. The allegations of patent infringement by Linco have placed a cloud over Top Lighting's business and are likely to cause Top Lighting to lose revenues and business opportunities. Linco's actions and assertions, therefore, will likely cause irreparable injury to Top Lighting.

19. Pursuant to 28 U.S.C. §§ 2201 and 2202, a judicial determination of the respective rights of the parties with respect to the alleged infringement of the '590 Patent is necessary and appropriate under the circumstances.

## SECOND CLAIM FOR RELIEF
**(Declaratory Judgment of Invalidity of the '590 Patent)**

20. Top Lighting restates and incorporates by reference the allegations in

**PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF**

paragraphs 1 through 19 above.

21. An actual controversy has arisen and now exists between the parties with respect to the validity of the '590 Patent.

22. The claims of the patents in suit are invalid for failure to meet one or more of the requirements of patentability set forth in 35 U.S.C. §§ 101 et seq., including, but not limited to, §§ 101, 102, 103 and 112.

23. Top Lighting is entitled to a judgment declaring that the '590 Patent is invalid and unenforceable.

## PRAYER FOR RELIEF

**WHEREFORE**, Top Lighting prays for relief as follows:

A. For a judicial declaration that Top Lighting does not infringe any valid claim of U.S. Design Patent No. D712,590;

B. For a judicial declaration that the '590 Patent is invalid;

C. For a judicial declaration that Linco is not entitled to damages for or injunctive relief against any alleged infringement by Top Lighting and/or any of its customers or dealers of the '590 Patents;

D. An injunction prohibiting Linco from asserting that the Accused Products, or products of Top Lighting similar thereto, of infringing the '590 Patent;

E. Finding that this is an exceptional case under 35 U.S.C. § 285;

F. For an order awarding Top Lighting its costs, expenses, and reasonable attorneys' fees as provided by law; and

G. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: August 5, 2015                    ADLI LAW GROUP P.C.


By: /s/Dariush G. Adli\_\_\_\_
Dr. Dariush G. Adli, Esq.
Drew H. Sherman, Esq.
Scott Scott McPherson
Attorneys for Plaintiff
Top Lighting Corporation

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues triable as such.

Dated: August 5, 2015                          ADLI LAW GROUP P.C.


                                               By: /s/Dariush G. Adli
                                               Dr. Dariush G. Adli, Esq.
                                               Drew H. Sherman, Esq.
                                               Scott Scott McPherson
                                               Attorneys for Plaintiff
                                               Top Lighting Corporation

**PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF**