UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 15-1589-JVS (KKx) | Date: | October 4, 2016 |
| Title: | *Top Lighting Corporation v. Linco, Inc.* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order Denying Plaintiff's Motion to Compel [Dkt. 32]

On September 19, 2016, Plaintiff Top Lighting Corporation ("Plaintiff") filed a Motion to Compel Defendant Linco, Inc. ("Defendant") to provide supplemental responses to Requests for Production Nos. 1-55 and Requests for Admission Nos. 4-17, 19, 21-23, 25, 28-30, and 37-44 ("Motion to Compel"). ECF Docket No. ("dkt.") 32. For the reasons set forth below, the Court DENIES Plaintiff's Motion to Compel. The hearing set for October 13, 2016 is hereby VACATED.

I.
**BACKGROUND**

On August 5, 2015, Plaintiff filed a Complaint for declaratory relief alleging Defendant had infringed Plaintiff's patent. Dkt. 1. On September 14, 2015, Defendant filed an Answer and Cross-Complaint alleging Plaintiff had infringed Defendant's patent. Dkt. 16.

In April 2016, Plaintiff served Defendant with Requests for Production and Requests for Admission. Dkt. 32-2, Declaration of Drew Sherman in support of Plaintiff's Motion to Compel ("Sherman Decl."), ¶ 9. It is unclear from the parties' briefing when Defendant served the original discovery responses. Nevertheless, on August 26, 2016, counsel for both parties met and conferred regarding Defendant's responses. Id. at ¶ 21; Dkt. 33, Declaration of Jai H. Rho in support of Defendant's Opposition ("Rho Decl."), ¶ 2. Defendant's counsel agreed to provide

supplemental responses to the Requests for Production and Requests for Admission by September 2, 2016.  Rho Decl., ¶ 3.

On September 7, 2016, Plaintiff provided Defendant with Plaintiff's portion of the Joint Stipulation.  Sherman Decl., ¶ 23.  On September 14, 2016, Defendant provided Plaintiff with supplemental responses to Requests for Production and Requests for Admission along with Defendant's portion of the Joint Stipulation.  Rho Decl., ¶ 4; Dkt. 36-4, Declaration of Gary Wang in support of Defendant's Opposition ("Wang Decl."), ¶ 2.

On September 19, 2016, Plaintiff filed the instant Motion to Compel and Joint Stipulation.[1]  Dkt. 32.  Plaintiff acknowledges receipt of Defendant's supplemental responses, Sherman Decl., ¶ 24, and even quotes the amended responses throughout the Joint Stipulation, often without even quoting the original response.  See, e.g., JS at 39-42.  Most notably, Plaintiff does not cite any inadequacies in the supplemental responses.

On September 29, 2016, Defendant filed a supplemental brief in support of its opposition to Plaintiff's Motion to Compel, wherein Defendant also requested its reasonable attorney's fees and costs incurred in defending against Plaintiff's Motion to Compel.  Dkt. 36.

## II.
## DISCUSSION

The amendments to the Federal Rules of Civil Procedure effective December 1, 2015 emphasize that "[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." Fed. R. Civ. P. 26 advisory committee notes (2015 amendments).  Thus, there is "a shared responsibility on all the parties to consider the factors bearing on proportionality before propounding discovery requests, issuing responses and objections, or raising discovery disputes before the courts." Salazar v. McDonald's Corp., No. 14-CV-02096-RS (MEJ), 2016 WL 736213, at *2 (N.D. Cal. Feb. 25, 2016); Goes Int'l, AB v. Dodur Ltd., No. 14-CV-05666-LB, 2016 WL 427369, at *4 (N.D. Cal. Feb. 4, 2016) (citing advisory committee notes for proposition that parties share a "collective responsibility" to consider proportionality and requiring that "[b]oth parties . . . tailor their efforts to the needs of th[e] case"); Razo v. Timec Co., Inc., No. 15-CV-03414-MEJ, 2016 WL 1623938, at *2 (N.D. Cal. Apr. 21, 2016) (same).  Moreover, "Rule 1 is amended to emphasize that just as the court should construe and administer these rules to secure the just, speedy, and inexpensive determination of every action, so the parties share the responsibility to employ the rules in the same way."  Fed. R. Civ. P. 1 advisory committee notes (2015 amendments).

---

[1] The declaration of Plaintiff's counsel attached to the Joint Stipulation was signed on September 19, 2016 and it does not appear that it was served on Defendant's counsel until the Joint Stipulation was filed.

In the instant case, both parties have failed to fulfill their obligations under the relevant rules by failing to engage in *any* apparent discussions following defense counsel's failure to provide supplemental responses by the September 2, 2016 date agreed upon at the original meet and confer.  This failure to communicate is particularly troublesome in light of the spirit of cooperation that is the focus of the 2015 amendments to the Federal Rules of Civil Procedure.  Rather than discuss whether and when defense counsel intended to produce supplemental responses, both parties simply charged forward with a motion and joint stipulation that were effectively rendered moot on September 14, 2016, when supplemental responses – which Plaintiff does not assert were inadequate – were, in fact, served.  Therefore, Plaintiff's Motion to Compel is DENIED as moot.  See, e.g., Soto v. Duel Vocational Inst., No. S-07-1842 FCD EFB P, 2009 WL 4807318, at *1 (E.D. Cal. Dec. 7, 2009).  Additionally, because the Court faults both parties for the filing of an unnecessary motion, their respective requests for sanctions are also DENIED.[2]

### III.
### CONCLUSION

Based upon the foregoing reasons, **IT IS THEREFORE ORDERED** that:

(1)  Plaintiff's Motion to Compel is **DENIED**;

(2)  Plaintiff's request for reasonable attorney's fees and costs incurred in bringing the Motion to Compel is **DENIED**; and

(3)  Defendant's request for reasonable attorney's fees and costs incurred in defending against the Motion to Compel is **DENIED**.

---

[2] The Court cautions the parties that sanctions are generally mandatory where the motion is granted, or denied in its entirety.  Fed. R. Civ. P. 37(a)(5)(A) and (B).  Additionally, sanctions are available when the parties fail to adequately comply with the applicable Local Rules (e.g., Local Rule 37-1's requirement of an adequate pre-filing conference of counsel).  Local Rule 37-4.